**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AUG 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAGICOR LIFE INSURANCE COMPANY, a Texas corporation; et al., | No. 23-55528 |
| Plaintiffs-Appellees, | D.C. No. 5:19-cv-02028-JGB-KK |
| v. | |
| KEVIN JANG, an individual; KEVIN H. JANG LAW CORPORATION, a California corporation, | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| DANIEL JANG, an individual; DOES, 1 through 10, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted August 15, 2024**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BADE and FORREST, Circuit Judges, and CURIEL,[***] District Judge.

Kevin Jang and Kevin H. Jang Law Corporation (collectively, Appellants) appeal two evidentiary decisions made at their trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants waived both of their claims because their arguments are devoid of explanation, record citations, and support from legal authorities. *See, e.g., Blumenkron v. Multnomah County*, 91 F.4th 1303, 1317 (9th Cir. 2024) (concluding that the plaintiffs abandoned their claims on appeal because their argument was "vague, unsupported by any citations to case authority, and untethered to the applicable legal standards")."We will not do an appellant's work . . . either by manufacturing its legal arguments, or by combing the record on its behalf for factual support." *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012).

In arguing their first issue on appeal—the exclusion of evidence related to the insured's cause of death—Appellants did not cite a single legal authority. Even if we were to reach the merits of this issue, the argument would fail. The district court determined that the evidence was irrelevant based on its previous finding that Appellants initiated litigation without probable cause and its instruction to the jury that Appellees had a right not to pay the death benefit regardless of the cause of

---

[***] The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

death. We agree that the likelihood this evidence would confuse the issues outweighed any probative value it had. *See* Fed. R. Evid. 403.

The argument on the second issue—Appellees' expert's testimony—is likewise unsupported, and itself is quite muddled. At best, Appellants contends that the expert testimony about "whether the underlying action was maliciously prosecuted and [the] resulting damages, and reasonableness of the attorney's fees/costs incurred" was not relevant or reliable under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993) and that, even if it was, it should have been excluded under Rule 403. Appellants repeatedly cite the same pages of trial transcript *that do not contain any expert testimony about malice*. Because Appellants fail to identify the precise testimony they are challenging we cannot reasonably review this issue and we deem it waived.

**AFFIRMED.**[1]

---

[1] Appellee's motion to dismiss (Dkt. 18) is denied as moot.

3